UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH T. ZALKE,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Defendant. | CASE NO. C24-0197JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendant the Commissioner of Internal Revenue's ("Commissioner") November 22, 2024 motion to dismiss this matter for lack of subject matter jurisdiction and for failure to state a claim. (Mot. (Dkt. # 14); Reply (Dkt. # 18).) *Pro se* Plaintiff Joseph T. Zalke opposes the motion. (Resp. (Dkt. # 17).) The court has reviewed the parties' submissions, the relevant portions of the record, and the governing

//

ORDER - 1

law. Being fully advised,[1] the court GRANTS the Commissioner's motion to dismiss and GRANTS Mr. Zalke leave to amend his complaint.

## II.    BACKGROUND

Mr. Zalke seeks a refund of penalties the Internal Revenue Service ("IRS") assessed against him in 2021. (*See generally* Compl. (Dkt. # 1).) Mr. Zalke filed his 2020 income tax return on May 12, 2021. (Mot., Ex. 1 (Certificate of Assessments, Payments, and Other Specified Matters ("Certificate")) at 3.[2]) Although he submitted an Automated Clearing House ("ACH") payment with his return, the payment failed due to insufficient funds in his bank account. (*Id.*; *see* Compl. at 7.) As a result, the IRS imposed a dishonored check penalty of $17,248.84. (Certificate at 3.)

Mr. Zalke later realized that he had provided the wrong account number to the IRS. (Compl. at 7-8.) He promptly arranged a substitute payment from the proper account, and the correct payment was credited to his IRS account on May 21, 2021. (*Id.* at 8; Certificate at 3.) On July 20, 2021, Mr. Zalke received notice from the IRS informing him he had a deficiency for tax year 2020 in the amount of $17,301.32. (Compl. at 8; *see id.*, Ex. B (IRS Letter CP503).) Mr. Zalke's accountant responded to the IRS in writing on August 2, 2021, and followed up by telephone. (Compl. at 8.)

On May 31, 2022, the IRS denied Mr. Zalke's request for adjustment of the dishonored check penalty. (*Id.*, Ex. C (IRS Letter 854C).) The IRS concluded that Mr.

---

[1] Neither party seeks oral argument, and the court concludes that oral argument would not aid in its resolution of the motion.
[2] The court refers to the page numbers in the CM/ECF heading when citing Mr. Zalke's complaint and the Certificate.

ORDER - 2

1 | Zalke had not established reasonable cause as required to avoid the penalty because the
2 | failed payment was the result of miscommunication and the use of a wrong account
3 | number rather than a bank error. (*Id.* at 1.) In May 2023, the IRS applied part of Mr.
4 | Zalke's 2022 tax overpayment to pay the balance owed on the penalty. (Compl., Ex. D.)
5 |     Mr. Zalke appealed the IRS's refusal to remove the penalty to the IRS Independent
6 | Office of Appeals ("IOA"). (*See id.*, Ex. E.) The IOA issued its decision on May 11,
7 | 2023. (*Id.*) It concluded that "removing or reducing the penalties based on reasonable
8 | cause [was not] warranted" and closed the appeal. (*Id.*)
9 |     On or about June 12, 2023, Mr. Zalke filed a Form 843 Claim for Refund and
10 | Request for Abatement with the IRS. (Resp., Ex. C.) In accordance with the instructions
11 | provided in the IOA's appeal decision, he requested that his claim "be immediately
12 | disallowed" so that he could file a refund case in United States District Court. (*Id.*; *see*
13 | *also* Compl., Ex. E.) He again asserted that he was entitled to a refund of his penalty
14 | based on reasonable cause. (*Id.*)
15 |     Mr. Zalke filed this lawsuit on February 12, 2024. (Compl. at 1.) He seeks a
16 | refund of the penalty the IRS assessed when his ACH payment failed. (*See generally id.*)
17 | The Commissioner filed its motion to dismiss on November 22, 2024. (Mot.) The
18 | motion is now fully briefed and ripe for decision. (*See* Resp.; Reply.)
19 |                             **III.   ANALYSIS**
20 |     The Commissioner moves the court to dismiss this matter either for lack of subject
21 | matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to state a
22 |

claim under Rule 12(b)(6).  (*See generally* Mot.)  The court considers these arguments below.

**A.     Rule 12(b)(1)**

A defendant may challenge the court's subject matter jurisdiction either facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the defendant asserts that the allegations on the face of the complaint, even if true, are insufficient to invoke federal jurisdiction.  *Id.*  In a factual attack, the challenger presents extrinsic evidence beyond the complaint to show lack of jurisdiction.  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.* (citations omitted).

Here, the Commissioner challenges the court's jurisdiction both facially and factually.  (*See* Mot. at 5-9.)  The Commissioner argues that the court lacks subject matter jurisdiction over Mr. Zalke's refund case because Mr. Zalke failed to allege in his complaint that he had fully paid his tax penalty and filed a proper refund claim before filing this lawsuit.  (*Id.* at 5 (first citing *Flora v. United States*, 362 U.S. 145, 177 (1960), *aff'g on reh'g*, 357 U.S. 63 (1958); and then citing *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007)).)  In response, Mr. Zalke submits evidence that he fully paid the penalty when the IRS applied his 2022 overpayment to the penalty and that he properly filed a refund claim.  (Resp., Exs. B, C.)  The Commissioner acknowledges that this evidence "shines new light on subject matter jurisdiction" but nevertheless

1  contends that dismissal is justified because Mr. Zalke's complaint does not include facts
2  establishing the court's subject matter jurisdiction.  (Reply at 1-2.)
3        The court agrees that the documents Mr. Zalke provided with his response suggest
4  that the court has subject matter jurisdiction over his refund claim.  Mr. Zalke may not,
5  however, amend his complaint through his response to the motion to dismiss.  *See Riser*
6  *v. Cent. Portfolio Control Inc.*, No. C21-5238LK, 2022 WL 2209648, at *4 n.1 (W.D.
7  Wash. June 21, 2022).  Therefore, the court grants the Commissioner's motion to dismiss
8  for lack of subject matter jurisdiction.
9  **B.**    **Rule 12(b)(6)**
10       Even if Mr. Zalke had established the court's subject matter jurisdiction over this
11 action, dismissal would nevertheless be warranted under Federal Rule of Civil Procedure
12 12(b)(6).  Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim
13 upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P.
14 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim
15 showing that the pleader is entitled to relief").  Under this standard, the complaint "must
16 contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
17 plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*
18 *Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).
19       The Commissioner argues that Mr. Zalke fails to state a refund claim because he
20 has not plausibly alleged facts supporting the "reasonable cause" defense to payment of
21 the dishonored check penalty under 26 U.S.C. § 6657.  (Mot. at 9-10); *see* 26 U.S.C.
22 § 6657 (providing a complete defense to the dishonored check penalty "if the person

tendered such [payment] in good faith and with reasonable cause to believe that it would be duly paid"). Mr. Zalke alleges that he is entitled to a refund for "reasonable cause" because (1) he reasonably relied on his financial and tax advisors to "properly arrange[] to cover the payment of the taxes due[;]" (2) the COVID-19 pandemic forced him to rely on digital communication tools, which led to miscommunication with his tax advisors and resulted in his ACH payment being sent from the wrong bank account; and (3) he immediately corrected his error when he realized that the ACH payment had not been withdrawn from the proper account.  (Compl. at 7-8; *see also* Resp. at 2.)  The court agrees with the Commissioner that these allegations do not satisfy the "reasonable cause" standard.

The IRS has not promulgated regulations defining "reasonable cause" under § 6657.  Thus, the few courts considering the "reasonable cause" defense under § 6657 have looked the definition of "reasonable cause" under 26 U.S.C. § 6651(a)(1), which governs penalties for failure to timely file a tax return.  *See, e.g.*, *PARCC Health Care, Inc. v. United States*, 238 F. Supp. 2d 435, 441 (D. Conn. 2002); *Gregory v. United States*, No. 1:96-CV-941, 1997 WL 718466, at *4 (W.D. Mich. Sept. 10, 1997), *aff'd*, 178 F.3d 1294 (6th Cir. 1999).  The IRS regulations interpreting § 6651(a)(1) provide that "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." 26 C.F.R. § 301.6651-1(c)(1).  Reliance on an attorney or accountant to timely file a tax return does not constitute "reasonable cause" because Congress has "placed the burden of prompt filing" on the taxpayer, rather than on the taxpayer's agent.

*United States v. Boyle*, 469 U.S. 241, 249-50, 252 (1985); *see also id.* at 251 ("[O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due."). At least one district court has concluded that a taxpayer who sent the IRS a check written against an account that contained insufficient funds under the assumption that funds would be transferred to the account before the IRS attempted to cash the check was not entitled to the "reasonable cause" defense because "[w]riting of checks out of accounts containing insufficient funds cannot be considered ordinary business care and prudence." *Gregory*, 1997 WL 718466, at *4.

Based on the authorities discussed above, the court cannot conclude that Mr. Zalke's reliance on his tax advisors based on his "age, the limitations of digital communication, and the pandemic's impact on accessibility" demonstrates "ordinary business care and prudence" as required to establish the "reasonable cause" defense to the dishonored check penalty. (Resp. at 2); *see Boyle*, 469 U.S. at 252; *Gregory*, 1997 WL 718466, at *4. Thus, dismissal of Mr. Zalke's complaint for failure to state a claim is warranted.

## C.    Leave to Amend

A district court should not dismiss a *pro se* complaint "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). The court does not abuse its discretion in denying leave to amend, however, where the "amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated

1  opportunities." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016)

2  (quoting *AE v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)).  In light of the Ninth

3  Circuit's liberal policy on amendment, the court will grant Mr. Zalke leave to amend his

4  complaint.  Mr. Zalke shall file his amended complaint, if any, by no later than **January**

5  **22, 2025**.  If Mr. Zalke fails to timely file an amended complaint that remedies the

6  deficiencies the court identified above, the court will dismiss this action and close this

7  case.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Commissioner's motion to dismiss (Dkt. # 14) and DISMISSES Mr. Zalke's complaint with leave to amend.  Mr. Zalke shall file his amended complaint, if any, by no later than **January 22, 2025**.

Dated this 31st day of December, 2024.

JAMES L. ROBART
United States District Judge